# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: March 29, 2022

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * | |
| EMILIE WOLF, as personal representative of the estate of MATTHEW WOLF, deceased, | UNPUBLISHED |
| Petitioner, | No. 17-308V |
| v. | Special Master Dorsey |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Decision Based on Stipulation; Tetanus-Diphtheria-Acellular-Pertussis ("Tdap") Vaccine; Transverse Myelitis ("TM"). |
| Respondent. | |
| * * * * * * * * * * * * * * * * * * | |

Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for petitioner.
Sarah Christina Duncan, U.S. Department of Justice, Washington, DC, for respondent.

**DECISION BASED ON STIPULATION**[1]

On March 6, 2017, Emilie Wolf, as personal representative of the estate of Mathew Wolf, deceased, ("petitioner") filed a petition in the National Vaccine Injury Program[2] alleging that as the result of a tetanus-diphtheria-acellular-pertussis ("Tdap") vaccine administered on March 17, 2014, Mr. Wolf suffered transverse myelitis ("TM"). Petition at Preamble (ECF No. 1).

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

On March 29, 2022, the parties filed a stipulation recommending an award of compensation to petitioner. Stipulation (ECF No. 97). Respondent denies that Matthew Wolf's alleged TM was caused-in-fact by the Tdap vaccine, and denies that the Tdap vaccine caused Matthew Wolf any other injury or his death. Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that petitioners shall receive the following compensation:

**(1) A lump sum of $25,000.00 in the form of a check payable to petitioner as the personal representative of the estate of Matthew Wolf.**

This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a). Stipulation at ¶ 8.

The undersigned approves the requested amount for petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/Nora B. Dorsey
Nora B. Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| EMILIE WOLF, as personal representative of the estate of MATTHEW WOLF, deceased,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 17-308V<br>Special Master Dorsey<br>ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Emilie Wolf, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"), as the personal representative of the estate of her deceased son, Matthew Wolf.[1] The petition seeks compensation for injuries allegedly related to Matthew Wolf's receipt of a tetanus, diphtheria, and acellular pertussis ("Tdap") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Matthew Wolf received the Tdap vaccine on March 17, 2014.

3. The vaccination was administered within the United States.

4. Petitioner alleges that Matthew Wolf suffered transverse myelitis ("TM") that was caused by the Tdap vaccine, and further alleges that he experienced the residual effects of his

---

[1] Matthew Wolf died of unrelated causes prior to the filing of this claim. All references herein to petitioner refer to Emilie Wolf. Petitioner does not allege that Matthew Wolf's death was vaccine-related.

injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Matthew Wolf as a result of his condition.

6. Respondent denies that Matthew Wolf's alleged TM was caused-in-fact by the Tdap vaccine, and denies that the Tdap vaccine caused Matthew Wolf any other injury or his death.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> a. A lump sum of $25,000.00 in the form of a check payable to petitioner as the personal representative of the estate of Matthew Wolf. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. §

1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 of this Stipulation and any amount awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that she is currently authorized to serve as the personal representative of Matthew Wolf's estate under the law of the State of Michigan and she has filed a copy of her letters of authority with the Court. If petitioner is no longer authorized by a court of competent jurisdiction to serve as the executor of Matthew Wolf's estate at the time payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as the representative of the estate of Matthew Wolf upon submission of written documentation of such appointment to the Secretary.

13. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity and as the personal representative of the estate of Matthew Wolf, and on behalf of the Estate and Matthew Wolf's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Matthew Wolf resulting from, or alleged to have resulted from, the Tdap vaccination administered on March 17,

2014, as alleged by petitioner in a petition for vaccine compensation filed on or about March 6, 2017, in the United States Court of Federal Claims as petition No. 17-308V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the Tdap vaccine caused Matthew Wolf's alleged TM or any other injury, or his death.

17. All rights and obligations of petitioner hereunder shall apply shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as personal representative of Matthew Wolf's estate.

END OF STIPULATION

/
/
/
/
/
/
/

Respectfully submitted,

**PETITIONER:**

*Emilie Wolf*
EMILIE WOLF

**ATTORNEY OF RECORD FOR PETITIONER:**

*Ronald C. Homer by Lauren Faga*
*Rule 83.1(c)(2)*
RONALD C. HOMER
Conway Homer, P.C.
16 Shawmut Street
Boston, MA 02116
Tel: (617) 695-1990
Email: rhomer@ccandh.com

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

*Dale Mishler, DHSc, APRN, for*
CDR GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*Heather L. Pearlman*
HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**ATTORNEY OF RECORD FOR RESPONDENT:**

*Sarah C. Duncan by Heather L. Pearlman*
SARAH C. DUNCAN
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 514-9729
Email: sarah.c.duncan@usdoj.gov

Dated: 03/29/2022

5